**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| HAYTHAM FAWZI SALAH MADHOUN, | § § § | |
| Petitioner, | § § | |
| | § | CAUSE NO. EP-25-CV-312-KC |
| v. | § § | |
| EL PASO PROCESSING CENTER, | § § | |
| Respondent. | § § | |

| | | |
|---|---|---|
| HAYTHAM FAWZI SALAH MADHOUN, | § § § | |
| Petitioner, | § § | |
| | § | CAUSE NO. EP-25-CV-315-KC |
| v. | § § | |
| ON HABEAS CORPUS, | § § | |
| Respondent. | § § | |

| | | |
|---|---|---|
| HAYTHAM FAWZI SALAH MADHOUN, | § § § | |
| Petitioner, | § § | |
| | § | CAUSE NO. EP-25-CV-334-KC |
| v. | § § | |
| ICE PROCESSING CENTER, | § § | |
| Respondent. | § § | |

| | |
|---|---|
| **HAYTHAM FAWZI SALAH MADHOUN,** | § § § |
| Petitioner, | § § |
| v. | § § **CAUSE NO. EP-25-CV-351-KC** |
| **PAM BONDI et al.,** | § § § |
| Respondents. | § § |

# ORDER

On this day, the Court considered Respondents' Motions to Consolidate the above-captioned cases. Mot. Consolidate, ECF No. 9;[1] Mot. Consolidate, EP-25-CV-315-KC, ECF No. 9; Mot. Consolidate, EP-25-CV-334-KC, ECF No. 10. Respondents ask the Court to consolidate the cases because the Petitions are identical, the proceedings are at the same stage of litigation, and Respondents have yet to respond. Mot. Consolidate 5. The Motions were filed before the Petition in Cause No. EP-25-CV-351-KC was docketed and assigned to the undersigned Judge. However, that case involves the same Petitioner, the same request for relief, and the same essential allegations as the other three cases. Therefore, the Court considers whether it is appropriate to consolidate EP-25-CV-351-KC as well.

Pursuant to Federal Rule of Civil Procedure 42(a), a district court has broad discretion to consolidate actions pending before it if they involve a common question of law or fact. Fed. R. Civ. P. 42(a); *Hall v. Hall*, 584 U.S. 59, 77 (2018). When deciding whether to exercise that discretion, courts consider factors including (1) whether the actions are pending before the same court; (2) whether common parties are involved; (3) whether any risk of prejudice or confusion is outweighed by the risk of inconsistent adjudications; and (4) whether consolidation will conserve

---

[1] Because all Motions are materially identical, all references in this Order are to the docket in case EP-25-CV-312-KC unless otherwise noted.

2

judicial resources. *Clark v. PNC Bank, N.A.*, No. 5:13-cv-799-XR, 2013 WL 6668674, at *1 (W.D. Tex. Dec. 17, 2013) (citation omitted). Consolidation alone "does not merge suits into a single cause[] or change the rights of the parties." *In re Excel Corp.*, 106 F.3d 1197, 1201 (5th Cir. 1997) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933)). Because "merger is never so complete in consolidation as to deprive any party of any substantial rights which he may have possessed had the actions proceeded separately," courts must issue independent "verdicts and judgments" for consolidated cases. *Hall*, 584 U.S. at 76 (quotation omitted).

Here, all factors counsel in favor of consolidation. The first three Petitions are almost entirely identical. In Cause No. EP-25-CV-351-KC, Petitioner's allegations differ slightly and are significantly more detailed, but he still challenges his detention and requests the same relief. The cases are all pending before this Court. Petitioner is the same individual in all four cases, and the claims in all cases are brought against actors in the federal government who are responsible for Petitioner's detention. Consolidating the cases would alleviate any potential confusion, streamline the adjudication of all claims, and conserve judicial resources.

Separately, Respondents have asked for an extension of their deadline to fully respond to the Petitions. Mot. Extension, ECF No. 10. Particularly because Petitioner's latest Petition adds additional details to his allegations, the Court finds a modest extension to be warranted.

Finally, the Court notes that Respondents include Certificates of Conference with their motions, stating that "Petitioner is *pro se* and detained, so the undersigned [Respondents' attorney] was unable to confer on this motion." Mot. Extension 9. Petitioner is detained in Respondents' custody. And the Court therefore does not find that it would be an unreasonable burden for Respondents to allow their own attorneys access—either in person or

3

telephonically—to speak with Petitioner and determine whether he is opposed or unopposed to nondispositive matters.  Therefore, Respondents are **CAUTIONED** that the Court expects them to comply fully with Local Rule CV-7(g) throughout this litigation.

Accordingly, upon due consideration, the Motion, ECF No. 9, is **GRANTED**.  The Court **ORDERS** that cases EP-25-CV-312-KC, EP-25-CV-315-KC, EP-25-CV-334-KC, and EP-25-CV-351-KC be **CONSOLIDATED** into case EP-25-CV-312-KC.

**IT IS FURTHER ORDERED** that the Motion to Consolidate, EP-25-CV-315-KC, ECF No. 9, is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Consolidate, EP-25-CV-334-KC, ECF No. 10, is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** this Order in cases EP-25-CV-312-KC, EP-25-CV-315-KC, EP-25-CV-334-KC, and EP-25-CV-351-KC.

**IT IS FURTHER ORDERED** that the Clerk of Court may take any additional steps necessary to effectuate this consolidation.

**IT IS FURTHER ORDERED** that Respondents' Motion for Extension, ECF No. 10, is **GRANTED**.  Respondents must respond in full to the allegations in the four Petitions **by no later than September 12, 2025.**

**IT IS FURTHER ORDERED** that all other pending deadlines in the above-captioned cases are **VACATED**.  The Court will set deadlines for additional briefing or a hearing, if necessary, after review of Respondent's response.

**IT IS FURTHER ORDERED** that Respondents' Motion for Extension, EP-25-CV-315-KC, ECF No. 10, is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that Respondents' Motion for Extension, EP-25-CV-334-KC, ECF No. 11, is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that the parties shall **FILE** all future filings in case EP-25-CV-312-KC.

**SO ORDERED.**

**SIGNED** this 29th day of August, 2025.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE